PEABODY GOLD MIN. CO. v. GOLD HILL MIN. CO.

(Circuit Court, N. D. California. December 17, 1900.)

No. 12,699.

1. PATENT FOR LAND—VACATION—GOVERNMENT'S ACTION—LIMITATIONS.
  The act of March 3, 1891 (26 Stat. 1099), provides that suits by the United States to vacate and annul patents for land issued before its passage shall only be brought within five years from its passage, and hence, no suit having been brought within such time to vacate and annul a patent issued before its passage, the government is precluded from taking action thereafter.[1]

2. SAME—ACTION BY PRIVATE INDIVIDUAL—BILL OF COMPLAINT—REQUISITES.
  A bill of complaint by a private individual to vacate and annul a patent for land issued by the government cannot be maintained if it does not show that complainant is or was entitled thereto, though it may appear that respondent was not, since the mere cancellation of a patent, with reversion to the government, rests solely with the latter.

On Demurrer to Amended Bill of Complaint.

A. H. Ricketts, for complainant.
E. W. McGraw, for respondent.

MORROW, Circuit Judge. This is a suit in equity to quiet the title of complainant to certain mining property in this state, and for an injunction restraining respondent from interfering with the rights of complainant in the premises in controversy. A demurrer to the original bill was sustained by this court on November 6, 1899, and the case now comes before the court upon the demurrer of the respondent to the amended bill of complaint. The decision on the former demurrer (97 Fed. 657) limited the jurisdiction of this court to the contentions of complainant with respect to that portion of its mining claims lying within the surface boundaries of the land patented to the respondent; but, even as to such matters, the jurisdiction was held to be dependent upon the consideration to be given to the respondent's patent as against the matters charged in the bill. The amended bill set forth with more particularity the alleged fraud in the procurement of the respondent's patent, and the consideration before the court at this time is practically the right of the complainant to have the respondent's patent canceled and annulled.

The respondent contends that the fraudulent acts alleged in the amended bill are not sufficient to annul or set aside a patent, and, further, that a suit for the annulment of a patent for fraud in its procurement can be brought and maintained only by the United States. In this connection, it is argued that the government is precluded from bringing such a suit in the present case, even should it be determined that the facts would warrant such an action, because of the running of the statute of limitation. The act of March 3, 1891 (26 Stat. 1099), provides that suits by the United States to vacate and annul patents issued before the passage of the act shall

---

[1] Cancellation of patents to public lands, see note to Hartman v. Warren, 22 C. C. A. 38.

only be brought within five years from the passage of the act. The patent in controversy was issued on August 9, 1883, before the passage of the act. The limitation prescribed by the statute would necessitate the bringing of suit for cancellation by the government not later than March 3, 1896. No such suit having been brought, the government is undoubtedly precluded from taking action in the matter at this time.

But private individuals are permitted to bring suits for the cancellation of patents to land under certain circumstances. Has the complainant, in its bill of complaint, shown such circumstances as to entitle it to that right?

In the case of Boggs v. Mining Co., 14 Cal. 279, the court, speaking through Mr. Justice Field, says:

"The proceeding by bill in equity, which an individual is allowed to take to set aside a patent or control its operation, is in the nature of a bill to quiet title,—to determine an estate held adversely to him, to remove what would otherwise be a cloud upon his own title,—or is in the nature of a bill to enforce a transfer of the interest from the patentee, on the ground that the latter has, by mistake or fraud, acquired a title in his own name, which he should in equity hold for the benefit of the complainant. The individual complainant must therefore possess a title superior to that of his adversary, and, of course, to that of the government through whom his adversary claims, or he must possess equities which will control the title in his adversary's name." And again: "Individuals can resist the conclusiveness of the patent only by showing that it conflicts with prior rights vested in them."

In Lee v. Johnson, 116 U. S. 48, 6 Sup. Ct. 49, 29 L. Ed. 570, the same justice, then of the United States supreme court, says, with regard to an attack upon a patent to land issued by the land department:

"The court does not interfere with the title of a patentee when the alleged mistake relates to a matter of fact concerning which those officers may have drawn wrong conclusions from the testimony. A judicial inquiry as to the correctness of such conclusions would encroach upon a jurisdiction which con-gress has devolved exclusively upon the department. It is only when fraud and imposition have prevented the unsuccessful party in a contest from fully presenting his case, or the officers from fully considering it, that a court will look into the evidence. It is not enough, however, that fraud and imposition have been practiced upon the department, or that false testimony or fraudulent documents have been presented. It must appear that they affected its determination, which otherwise would have been in favor of the plaintiff. He must in all cases show that, but for the error or fraud or imposition of which he complains, he would be entitled to the patent; it is not enough to show that it should not have been issued to the patentee. It is for the party whose rights are alleged to have been disregarded that relief is sought, not for the government, which can file its own bill when it desires the cancellation of a patent unadvisedly or wrongfully issued."

It appears from the amended bill that the complainant claims to have owned, since the 7th and 23d days of September, 1898, three mining claims, forming one piece or parcel of mining property, and is and has been since said dates engaged in mining and developing the same; that a portion of said mining ground is covered by respondent's patent. It is alleged that said patent was fraudulently obtained from the land department on August 9, 1883, by means of false representations as to the location of the lode lying within such patented ground; that by reason thereof said patent was is-

sued for a greater area of ground than is permitted by the act of congress of May 10, 1872, and is therefore void as to such excess; that said patent constitutes a cloud upon the title of the complainant in and to certain portions of its premises; that the respondent is infringing upon complainant's rights in said property, to its great and irreparable damage, etc. But nowhere does it appear that the complainant would have been, at the time of the issuance of the patent, or would now be, entitled to the patent itself, or that, but for the false testimony complained of, the determination of the land department would have been in favor of the complainant. No prior rights are shown to have been vested in complainant which were affected by the issuance of the patent to the respondent. Conceding, for the sake of the argument, that the complainant could show that the patent should not have been issued to the respondent; this fact would not be sufficient, and would not avail, without the additional showing that the patent should have been issued to the complainant. The mere cancellation of the patent, with the reversion of the land to the government, is not within the province of a private party to effect by a suit in equity; that privilege rests only with the government. The demurrer will be sustained, and the bill dismissed.